UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF FLORIDA

                                    CASE NO. 05-21626-Civ-COHN
                                          (01-377-Cr-COHN)
                                    MAGISTRATE JUDGE P. A. WHITE
ROBERTO FERNANDEZ CUESTA,            :

          Movant,                    :

v.                                   :          REPORT OF
                                            MAGISTRATE JUDGE
UNITED STATES OF AMERICA,            :      ON RULE 60(b) MOTION

          Respondent.                :
_____

        Roberto Fernandez Cuesta has filed a pro se motion for relief
from judgment pursuant to Fed.R.Civ.P. 60(b)(6), arguing that the
denial of his motion to vacate pursuant to 28 U.S.C. §2255 must be
set aside due to abandoned by counsel. (Cv-DE#s34,36). The motion
was referred to the undersigned for consideration and report by
order of the Honorable James I. Cohn, United States District Judge.
(Cv-DE#35).

        Construing the movant's claims liberally in light of Haines v.
Kerner, 404 U.S. 419 (1972), the movant raises the following claims
in this collateral proceeding:

              A.[1]  He  was  denied  effective  assistance  of
                    trial counsel where his lawyer failed to:

                    1.   properly advise him regarding the
                         benefits of pleading guilty versus
                         proceeding to trial, and failed to
                         explain his sentence exposure in
                         light of the government's plea offer

──────────────────

        [1]For purposes of clarity the claims have been numbered as they appear in
the movant's memorandum (Cv-DE#2) in support of his motion to vacate.

                                    1

and the government's filing of a 21 U.S.C. §851 information;

2.  provide proper advice regarding pursuit of an entrapment defense;

3.  properly object and preserve for appeal adverse rulings made by the district court;

4.  object to the prosecutorial misconduct during closing argument;

5.  object to the government's untimely filing of the §851 information, and the court's failure to comply with the procedural requirements of 21 U.S.C. §851;

6.  review and consult with the movant or otherwise file objections to the second/amended PSI prior to sentencing;

7.  argue or establish sentencing entrapment defense;

8.  object to the enhancement in the movant's sentence based on prior convictions which were neither charged in the indictment nor proved beyond a reasonable doubt, in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000); and

9.  inform the movant that he could receive a three level reduction in sentence based on acceptance of responsibility if he timely entered a guilty plea.

B.  He was denied effective assistance of appellate counsel where his lawyer failed to assign as error on appeal:

1.  the court's refusal to allow the defendants to raise an entrapment

2

defense; and

    2.    the court's refusal to allow cross-examine regarding the prior criminal history of a confidential informant.

    C.    His sentences are unlawful in light of <u>Blakely v. Washington</u>, 524 U.S. 296 (2004) and <u>United States v. Booker</u>, 543 U.S. 220 (2005) because his sentence was enhanced based on facts that were neither charged in the indictment nor proved beyond a reasonable doubt.

<u>Background of This Case</u>

Briefly, the procedural history of this case reveals that on June 10, 2005, the movant filed this motion to vacate raising a plethora of claims, as identified above.[2] (Cv-DE#1).

After review of the record it became apparent that an evidentiary hearing was necessary with regard to the movant's allegations set forth in claim A1, A2, and A6. Because the record did not conclusively negate the movant's allegations, which, if true could entitle him to relief, Mauricio Aldazabal, Esquire, was appointed to represent the movant, and an evidentiary hearing was held on January 19, 2006.

Prior to the hearing, however, movant's counsel was directed to file a memorandum clearly identifying and setting forth the precise issues upon which the movant would proceed in this collateral proceeding, including those which required evidentiary findings, and those which did not. Movant's counsel filed a

---

[2] <u>See</u>: <u>Adams v. U.S.</u>, 173 F.3d 1339 (11 Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

memorandum as directed advising the court that claims A1, A2, and A6 were not directly refuted by the record and required evidentiary findings. Defense counsel further conceded that all remaining claims were without merit. At the evidentiary hearing, the movant stated on the record that he agreed with counsel's conclusion, conceding that all claims were devoid of merit, with the exception of the ones identified by counsel, claims A1, A2, and A6, which required evidentiary findings.

At the evidentiary hearing, testimony was taken from the movant's trial attorney, Thomas Risavy, Esquire, and the movant. On January 24, 2006, a Report was entered recommending that the evidentiary hearing claims, claims A1, A2, and A6, as listed above, be denied, and that all remaining claims be denied as conceded by the movant and for the reasons set forth in movant's hearing memorandum (Cv-DE#20).

On February 1, 2006, movant's counsel filed a request for a thirty day extension of time to file objections to the Report. (Cv-DE#25). Defense counsel advised the court that he met with the movant and discussed the contents of the Report in detail, but that the movant wanted additional time to confer with the individual who helped him prepare his §2255 motion in order to determine whether objections to the Report should be filed. (Id.). On February 7, 2006, the district court granted the motion, extending the time to file objections until March 9, 2006. (Cv-DE#26).

Rather than file objections, the movant next filed a *pro se* "Motion to Appeal" the January 24, 2006 Report. (Cv-DE#27). On March 22, 2006, the district court entered an Order adopting the Report, noting that the time for filing objections had passed and no objections had been filed. (Cv-DE#29). The district court also

4

denied the movant's *pro se* motion to appeal, which it construed as a motion for certificate of appealability, stating that the movant could still seek permission to appeal from the Eleventh Circuit. (Id.).

On April 6, 2006, the Clerk received a *pro se* "Motion to Request Additional Time to File Objections to Magistrate Report." (Cv-DE#30). According to the movant, on April 4, 2006, he first received the district court's Order granting counsel's prior request for an extension of time to file objections until March 9, 2006. The movant maintains that the order was mailed to the movant's permanent place of confinement, and then forwarded to the local federal facility where he was currently being housed, which precluded him from filing timely objections to the Report. (Id.). On April 13, 2006, the district court entered an Order denying the movant's request for additional time to file objections on the basis that the movant had failed to inform the court of his current address, that the order had been mailed to defense counsel and the movant at his permanent address of record, and that no good cause had been shown to warrant vacatur of the court's Order adopting the Report. (Cv-DE#32).

Approximately three months elapsed thereafter before the movant next filed a "Notice of Inquiry" on July 14, 2006 requesting copies of any documents filed after the court's April 13, 2006 order. (Cv-DE#33). The movant maintains that he and his family had no contact with his court appointed attorney for some time, and he needed to ascertain whether any activity had occurred in his case since the court's April 13, 2006 order. (Id.). In response to this inquiry, on July 17, 2006, the Clerk of Court mailed a copy of this court's docket sheet to the movant. (Id.).

Over one year elapsed thereafter before the movant returned to this court filing a motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b)(6) on September 18, 2007. (Cv-DE#34). That section provides: "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ... (6) any other reason justifying relief from the operation of the judgment."

In his motion, the movant claims that his court appointed counsel, Mauricio Aldazabal, Esquire, "abandoned" him, failing to pursue issues regarding the movant's evidentiary hearing and a claim regarding a prior conviction used to enhance the movant's federal sentence.[3] (Cv-DE#34:1-2). According to the movant, counsel failed to file objections to the Report, and also abandoned the remaining claims initially identified by the movant in his timely filed motion to vacate. As will be recalled, the movant stated under oath that he agreed with counsel's representation that all claims but for A1, A2, and A6 where devoid of merit. Thus, the movant has not demonstrated an abandonment of any rights in this regard. Likewise, it is clear from the record that counsel met with

---

[3]Alternatively, the movant appears to argue that he is an unskilled layperson, ignorant in the law and thus entitled to reconsideration of his §2255 motion. Mere ignorance of the law or lack of knowledge of filing deadlines does not justify equitable tolling of AEDPA's limitation period. See Felder v. Johnson, 204 F.3d 168, 172-73 & n. 10 (5 Cir. 2000)(citing cases), cert. denied, 531 U.S. 1035 (2000)(holding that ignorance of law and pro se status are insufficient to toll statute of limitations); Turner v. Johnson, 177 F.3d 390, 392 (5 Cir. 1999); United States v. Flores, 981 F.2d 231, 236 (5 Cir.1993)(holding pro se status, illiteracy, deafness, and lack of legal training are not external factors excusing abuse of the writ); Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9 Cir. 1986)(illiteracy of pro se petitioner not sufficient cause to avoid procedural bar); Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 478 (5 Cir. 1991)(holding equitable tolling of limitations period within the Age Discrimination in Employment Act was not warranted by plaintiff's unfamiliarity with legal process, his lack of representation, or his ignorance of his legal rights).

the movant and provided him with legal advice concerning the viability of filing objections to the Report entered following the evidentiary hearing. Following this meeting, the movant did nothing to timely pursue the filing of objections. He waited over three months to file a notice of inquiry and thereafter another year before filing the Rule 60(b) motion under consideration here. The motion filed over one year after the entry of judgment is not timely. See Fed.R.Civ.P. 60(c)(1).

Notwithstanding, the movant also sets out an objection to the Report, concluding as to his claim that his sentence was unlawfully enhanced, that the New Jersey state conviction used to enhance his sentence is not a "final conviction" and thus could not be used to enhance his sentence. (Cv-DE#s34,36). He further claims generally that all of his attorneys, including Mauricio Aldazabal, Esquire, who was appointed to represent him at the evidentiary hearing, "abandoned" him[4] and that the court should therefore exercise its discretion, vacate the final judgment, and re-open review of his federal motion to vacate.

### Analysis

At this juncture it is apparent that what the movant has denominated as a motion for relief from judgment pursuant to Rule 60(b) in actuality is a second or successive application for §2255 habeas corpus relief. In Gonzalez v. Crosby, 545 U.S. 524 (2005), the Supreme Court held that a motion for relief from judgment in a §2254 proceeding is properly characterized as a "second or successive" habeas corpus application if, among other things, it

---

[4]As indicated above, the movant appears to argue that he was denied effective assistance of counsel during his habeas proceeding, and thus this constitutes "extraordinary circumstances" justifying relief under Rule 60(b)(6).

attacks a previous resolution of a claim on the merits. The Court explained that a nominal Rule 60(b) motion in effect is a second or successive habeas petition when it "seeks validation of" or "advances" one or more claims. Id. at 531-32. "A motion can ... be said to bring a 'claim' if it attacks the federal court's previous resolution of a claim on the merits."  Id. at 532. That is precisely what the movant's Rule 60(b) motion does here.

Pursuant to 28 U.S.C. §2244 (b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  It is now well settled that a district court lacks jurisdiction to consider a successive §2254 application unless the petitioner first obtains such permission from the appellate court to file a successive petition. See, e.g., Boone v. Secretary, Dep't of Corrections, 377 F.3d 1315, 1317 (11 Cir. 2004); Farris v. United States, 333 F.3d 1211, 1216 (11 Cir. 2003). The same is true where, as here, the application is mislabeled as a Rule 60(b) motion but in legal effect actually is a successive habeas corpus petition. Murillo v. United States, 2006 WL 2853055 (11 Cir. October 4, 2006).

The Court in Gonzalez distinguished instances where a Rule 60(b) motion "attacks, not the substance of the federal court's resolution of a [habeas] claim on the merits, but some defect in the integrity of the federal habeas proceedings." Under such circumstances, the motion is properly brought under Rule 60(b), and the district court need not obtain prior authorization from the appellate court to entertain the claims for relief. Gonzalez, supra at 532; United States v. Sowers, 2007 WL 2302426 (11 Cir. 2007).

8

Here, it appears that the movant has attempted to bring his motion within this exception by alleging abandonment of counsel. This argument, however, has been found to be invalid by the Eleventh Circuit. <u>United States v. Sowers</u>, 2007 WL 2302426 at *3. However, the requirement that a movant seek certification from the appellate court for the filing of a successive habeas application is dependant not on the characterization the movant chooses for his motion, but rather on the actual substance of the relief he seeks. <u>See</u> <u>United States v. Sowers</u>, <u>supra</u> ("It makes no difference that the motion itself does not *purport* to attack this court's substantive analysis of Sowers's habeas claims ... All that matters is that Sowers is, in actuality, 'seek[ing] vindication of' or 'advancing' claims by taking steps that lead inexorably to a merits-based attack on the prior dismissal of his habeas petition."); <u>United States v. Jordan</u>, 915 F.2d 622, 624-25 (11 Cir. 1990)(federal courts have "an obligation to look behind the label of a motion filed by a <u>pro se</u> inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework"). Here, it is readily apparent that the movant in reality is seeking review of claims already decided by this court, so his purported Rule 60(b) motion in actuality is a successive motion to vacate. The record in this case reveals that the movant has not received certification from the Eleventh Circuit authorizing this court to consider a successive §2255 motion.

When a person files an unauthorized or successive motion to vacate without first having obtained authorization from the court of appeals to do so, the proper remedy is for the district court to dismiss the claims raised in the petition for lack of jurisdiction. 28 U.S.C. §2244(b)(2)-(3); <u>El-Amin v. United States</u>, 172 Fed.Appx.

942, 946 (11 Cir. 2006).


<u>Recommendation</u>


For the foregoing reasons, it is recommended that the movant's motion for relief from judgment pursuant to <u>Fed.R.Civ.P</u>. 60(b) and supplement thereto (Cv-DE#s34,36), which in legal effect is a second or successive motion to vacate pursuant to §2255, be dismissed for want of jurisdiction for the movant's failure to obtain the certification required by 28 U.S.C. §2244 (b)(3)(A) from the Eleventh Circuit Court of Appeals.


Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the Report.


Dated this 14th day of January, 2008.


_____
UNITED STATES MAGISTRATE JUDGE

cc:   Roberto Fernandez Cuesta, <u>Pro Se</u>
      Reg. No. 67169-004
      U.S.P.-II Coleman
      P.O. Box 1034
      Coleman, FL 33521
      (address as listed in Cv-DE#36)

      Robert Fernandez Cuesta, <u>Pro Se</u>
      Reg. No. 67169-004
      U.S.P. - Atlanta
      P.O. Box 150160
      Atlanta, GA 30315
      (address of record)

Mauricio Aldazabal, Esquire
Attorney for Movant
2655 LeJeune Road
Coral Gables, FL 33134

William Bryan, AUSA
David A. Haimes, AUSA
U.S. Attorney's Office
11200 N.W. 20th Street
Miami, FL 33172

11